### 27354. McNEELY, administrator, *et al. v.* BOOTH.

GUERRY, J. 1. Where the beneficiary named in a world-war veteran's policy of war-risk insurance dies before collecting all the monthly payments due thereunder, the remainder due under the policy, reduced to its present cash value, shall be paid to the estate of the insured. 38 U. S. C. A. § 514. When such amount is paid to the administrator of such deceased veteran, it is then distributed to the heirs at law as determined by the laws of the State where such administrator is entitled to qualify. *Porter* v. *Watson*, 51 *Ga. App.* 848 (181 S. E. 680).

2. No heir at law or other person is entitled to have paid to him the fund so collected, by reason of a claim that the veteran during his life-

time made oral representation that he desired that such named person be his beneficiary after the death of the beneficiary named in the policy. Such a claim has no more standing, as applied to funds paid into the estate of the deceased by reason of the war-risk insurance, than it would as applied to any property, real or personal, which also is a part of such estate.

3. An administrator of an estate, who is also an heir, may not take to his own use the entire estate or any part thereof, under a claim that the deceased, sixteen years previously, had made a verbal statement that he wanted his property disposed of in such manner. Such claim is antagonistic to his position as administrator; and where there is no will, it can not be sustained in any court. The court properly directed the verdict for the plaintiff against the administrator for her distributive share of the estate of the deceased soldier, she being such an heir as entitled her to share therein.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 7, 1939.

*Homer C. Denton, Joseph J. Hopkins,* for plaintiffs in error.
*Hal Lindsay,* contra.